IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| SHELDON DUWAN SIMMONS, TDCJ-CID No. 01588486, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 2:19-CV-032-Z-BR |
| QUINTIN EVENS *et al.*, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed February 15, 2019. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint.

### FACTUAL BACKGROUND

Plaintiff alleges on August 21, 2013, he was subjected to excessive force while housed at the TDCJ Clements Unit. ECF No. 3 at 4. Plaintiff claims Defendants arbitrarily deployed chemical agents against him without any provocation or rule breaking on his part. *Id*. Plaintiff also claims although he was seen by a nurse after the use of force, his symptoms did not develop until a later time. *Id*. Plaintiff claims Defendants were deliberately indifferent to his medical needs when his symptoms later developed. *Id*.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

Section 1983 does not contain a statute of limitations. However, the Supreme Court has held that the statute of limitations for a civil rights action is to be determined by reference to the prescriptive period for personal-injury actions in the forum state. *Hardin v. Straub*, 490 U.S. 536 (1989); *Owens v. Okure*, 488 U.S. 235 (1989). In Texas, the prescriptive period for such claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

2

claims are properly dismissed." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord Slack v. Carpenter*, 7 F.3d 418, 419 (5th Cir. 1993).

Here, Plaintiff's Complaint only references incidents occurring in 2013. Plaintiff did not file this lawsuit until 2019 — well over five years after the alleged constitutional violations and over three years after the statute of limitations ran out on these claims. Plaintiff's Complaint contains *no* allegations to support a finding that the missed deadlines were no fault of his own. The Court thus **DISMISSES** Plaintiff's Complaint.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED**.

**SO ORDERED.**

February 28, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE